Catron, Judge,
delivered the opinion of the court. Williams suedProffitin ejectment, for 2000 acres of land.lying in Grainger county, west of the line commonly called Brown’s line. Proffit pleaded not guilty.
The plaintiff, on the trial in the circuit court, gave in *90 evidence a grant for 2000 acres to Jesse Beene, dated in 1788, a deed from Jesse Beene to Richard Mitchel, dated in 1801, a deed from the Marshal of East Tennessee, (founded upon a judgment of the federal court' against Richard Mitchell,) to Joseph Grier, dated in 1805, and a deed from Grier to the lessor of the plaintiff dated in 1812, which grant and deeds cover the land in controversy, and proved the defendant in possession of the land.
To resist the title of the lessor of the plaintiff, the defendant gave in evidence a grant for 640 acres to Robert Beene, dated in 1790, which covered his possession and improvements, and a deed from Robert Beene’s heirs to himself; and to overreach the older grant of the plaintiff, by referring the 640 acre grant to a younger entry, he gave in evidence a special'entry made in Carter’s office in Feb-uary 1778, for the same land covered by the grant, and upon which entry it is founded. Defendant also proved that Jesse Beene, after the issuance of his 2000 acre grant, about the year 1789, agreed with Robert Beene, that he would not disturb the grant of the latter, and they agreed upon and marked lines, beyond which Jesse was not to go; which are the lower or western lines of the 640 acre grant. This agreement was made under the belief, that an entry west of Brown’s line, if special, would overreach a grant of younger date.
The court charged the jury, that the grant of 640 acres, having been founded on a Carter entry, for land west of Brown’s line, was void, and that seven years’ possession by virtue thereof, would not protect the defendant under the statute of limitations; to which charge exception was taken. The jury found for the lessor of the plaintiff.
There was no proof in the cause of a seven years’ possession, so that the charge was a mere formality, and could have been withholden had the judge been so disposed ; and having been given upon a mere supposed state of facts that did not exist in the cause, is not so substantially erroneous, as to authorize this court to reverse the judgment. (Act of 1809, ch. 126, sec. 10.)
The parol conversations of Jesse and Robert Beene, *91 are no evidence in an action of ejectment, and could not alter the grant of Jesse Beene, which was in existence when the conversation occurred; and hence the promise of Jesse to Robert, that he would not extend his 2000 acre grant further up the valley, than the lines marked for Robert Beene’s tract, is of no avail to the defendant, Proffit.
Jesse Beene’s grant for 2000, acres covered contained 2500 acres, and extends up the valley, so far as entirely to include the gi’ant for 640 acres to Robert Beene. It appeared however, from the evidence of Robert Mitchel, one of the witnesses of Proffit, the defendant, that the reason which induced Jesse Beene to make the conditional line, between himself and Robert, and promise that he would not extend his 2000 acre tract further up the valley, originated in a mistaken idea, that the Carter entry would hold the 640 acres of land from him; and this mistaken opinion, as witness stated, was predicated upon some adjudication made by the old supreme court in a cause between Mark Mitchel and some other person, in which the court pronounced entries made in Carter’s office, lying below Brown’s line, valid. If Jesse Beene acted under a mistake of his rights, he would not be bound by such acts, even had a court of law the power, in this form of action, to give relief to those claiming under Robert Beene.
This is not a question of boundary, but a promise on the part of Jesse, that he would surrender to Robert so much of his grant as was covered by the 640 acre entry; and this promise, having been made by parol, cannot be noticed in the action oí ejectment.
The lessor of the plaintiff, claiming under the oldest grant, the only remaining question is, does the special entry, upon which the 640 acre grant issued, overreach the grant to Jesse Beene?
It has for-years been the settled law of this State, that, an entry made in Carter’s office for lands lying west of Brown’s line was void; and that the grant could not be referred to such entry, although special for the land granted. Cobbs’ heirs vs. Conway’s heirs, (1 Tenn. Rep.) *92 Preston vs. Browdon, (1 Wh. Rep. 115.) Danforth vs. Thomas, (1 Wh. Rep. 155.) Avery vs. Strother, (N. C. Conference Rep. 431.)
It is, however, contended on the part of the defendant, Proffit, that the act of 1819, ch. 50, confirms this entry. The law provides, “that all grants heretofore issued and all grants hereafter issued on entries upon warrants for lands lying west of Brown’s line (where the money for the warrant was actually paid,) shall be good and valid to all intents and purposes, both in law and'equity. This law does not purport to confirm entries, and therefore could give no aid to the 640 acre entry, even did the constitution not stand in way of such a statute. The law only purports to confirm Robert Beene’s grant, and this being younger than the grant for 2000 acres to Jesse Beene, the lessor of the plaintiff must prevail. Let the judgment be affirmed. Judgment affirmed.